(Supreme Court, Special Term, Oneida County. December, 1901.)

**1. TAXATION—EXEMPTIONS—FRATERNITY HOUSE.**

A Greek letter college fraternity, organized exclusively for the moral and mental improvement of its members, and for literary and educational purposes, of which no officer or other member receives any pecuniary profit from the operation of its chapter house, and in which during the college year rooms were incidentally furnished by its active chapter house to active members thereof, through a hired janitor, is exempt, under Laws 1896, c. 908, § 4, subd. 7, from taxation on the chapter house.

**2. SAME—BAD FAITH OF ASSESSORS.**

Where assessors act in bad faith, and without jurisdiction of the subject-matter, in making an assessment, on review thereof the court may charge them personally with costs.

Certiorari by the people, on the relation of the Delta Kappa Epsilon Society of Hamilton College, against E. F. Lawlor and others, assessors of the town of Kirkland, to review an assessment. Judgment setting aside assessment.

Henderson & Bell, for relator.
Martin & Ives, for defendants.

SCRIPTURE, J. It appears: That the relator, the Delta Kappa Epsilon Society of Hamilton College, is, and has been since 1878, a domestic corporation, organized exclusively for the moral and mental improvement of men, and for literary, scientific, and educational purposes. That said relator is associated with the Delta Kappa Epsilon Fraternity, a college Greek letter fraternity having 39 chapters and about 15,000 members. That the said relator is the owner ·of real property, to wit, a house and grounds, assessed by defend-

ants at $3,500, situated in the town of Kirkland, Oneida county, N. Y. That the property of said relator was and is all used exclusively for carrying out thereupon the purposes for which it was organized. That said property consists of a small parcel of land, upon which is erected a building three stories high, above a basement. In the basement are located a dining room, kitchen, coal room, toilet room, and cellar. On the ground floor is a hall, with alcove, parlor, library room, and two other rooms, which are occupied by the janitor. On the second floor are five sleeping rooms and one study room. On the third floor are three sleeping rooms, one study room, and the rooms for meetings of the active chapter of the relator. The members of the relator, who are undergraduates in actual attendance as students at Hamilton College, constitute the active chapter. The library room has therein a library of about 500 volumes,—fiction, history, and scientific works,—but largely reference works for the use of the active chapter in their college studies. Some of the furniture in the sleeping rooms belongs to the occupants thereof. All of the rest of the furniture in the house and the library belongs to the relator. The premises in question are open at all times to any member of the relator, and to any one of the 15,000 members of the fraternity at large. The active chapter of the relator use the house, during the college year only, as a place for study and for society meetings, and some of them sleep there. Nearly all of them get their meals there. The janitor receives pay for taking care of the premises, and for preparing and serving the food. The active chapter pay the running expenses of the house and keep it in repair, but do not pay rent or any sum to the relator. The relator is not engaged in any business. No officer, member, or employé of the relator receives, or is entitled to receive, any compensation or pecuniary profit for the use or operation of said house and lot. Said house and lot were purchased by the relator with voluntary contributions from its members. The property is not otherwise used or occupied, and its use as above set forth by the active chapter is incidental to the main object of securing an education while the members of such active chapter are pursuing their studies at Hamilton College. The accommodations for board and lodging are incidental to the use of the library, study, and fraternity rooms. The said property, therefore, was, is, and ought to be, exempt from assessment and from taxation, under the policy of the law of this state, as provided by subdivision 7 of section 4 of the tax law (Laws 1896, c. 908). And it further appearing by the return of the defendants to the writ herein that the defendants had knowledge of a former decision of this court, in a similar proceeding, in the year 1898, directing an assessment of the relator in that year to be stricken from the roll (one of the defendants, Wayne V. Keith, having been a member of the board of assessors for the year 1898, and a copy of the order of the court in that year having been set out in the application of the relator on grievance day to defendants for exemption, and the fact set forth that no assessment of said property was made by the assessors of said town for the year 1899), the court finds that these

defendants acted in bad faith, and without jurisdiction of the subject-matter, in making the assessment complained of herein; and the relator, having paid the tax for the year 1900, is entitled to reimbursement for such tax so wrongfully and illegally assessed against it and paid by it.

The court therefore decides that relator should have judgment: First, that the relator was organized exclusively for the moral and mental improvement of men, and for library, literary, scientific, and educational purposes; second, that the real property of relator, assessed at $3,500, was at the time of such assessment, and had been, used exclusively for carrying out thereupon all of the purposes for which relator was organized; third, that the real property of relator, assessed by defendants for $3,500, was exempt from taxation, and is exempt so long as it continues to be so used, and that said assessment should have been stricken from the assessment roll of the town for the year 1900; fourth, that relator should be reimbursed for the tax so illegally assessed and paid by it for the year 1900; fifth, that the relator have costs hereby allowed as upon the trial of an issue of fact in this court against defendants, E. F. Lawlor, Wayne V. Keith, and W. H. Brockway, personally, and judgment is hereby directed to be entered accordingly.

Judgment accordingly.